IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 10 B 09922 |
| Ernest and Katrina Sullivan ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| Ernest and Katrina Sullivan ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ADV. NO. 10 AP 01269 |
| US Bank National Assn. as Trustee | |
| for Citigroup Mortgage Loan Trust Inc. | |
| Defendant. | |

_Findings of Fact and Conclusions of Law_

## FINDINGS OF FACT

**A.   The Parties**

1. The Plaintiffs are Ernest and Katrina Sullivan ("Plaintiffs").

2. The Defendant is US Bank National Assn. as Trustee for Citigroup Mortgage Loan Trust Inc. ("Defendant").

**B.   Factual Background**

1. On or about March 9, 2010, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiffs own the real estate commonly known as 9541 S. Troy Ave. Evergreen Park, IL 60805.

3. That MorEquity Inc. holds a first mortgage lien on the real property commonly known as 9541 S. Troy Ave. Evergreen Park, IL 60805, with a secured claim of $259,782.56 pursuant to the proof of claim filed on April 28, 2010 by MorEquity Inc.

4. The Defendant holds a second mortgage lien on the real property known as 9541 S. Troy Ave. Evergreen Park, IL 60805 in the approximate amount of $56,746.92 pursuant to the proof of claim filed on April 8, 2010 by defendant.

5. That the Plaintiffs obtained an appraisal of the property on March 24, 2010 indicating the value of 9541 S. Troy Ave. Evergreen Park, IL 60805 as $240,000.00.

6. The first mortgage lien of MorEquity Inc. is a secured claim based on the mortgage recorded on October 1, 2007 as document number 0727456041 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of US Bank National Assn. as Trustee for Citigroup Mortgage Loan Trust Inc. is a claim based on the mortgage recorded on October 21, 2005 as document number 0529402004 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $840.00 per month for 9 months, and $1,145.00 monthly for an additional 24 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On February 24, 2011, Plaintiffs issued an alias summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 9541 S. Troy Ave. Evergreen Park, IL 60805.

11. That on February 24, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to US Bank National Association, 425 Walnut Street, Floor 1,

Cincinnati, OH 45202-3923, and US Bank National Association, c/o America's Servicing Company, 3476 Stateview Blvd, MAC #X7801-014, Fort Mill, SC 29715, and Richard K Davis, Chairman, President, & Chief Executive Officer of U.S. Bancorp, 800 Nicollet Mall, Minneapolis, MN 55402.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $240,000.00.

15. The second claim of US Bank National Assn. as Trustee for Citigroup Mortgage Loan Trust Inc. in the amount of $56,746.92 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtors scheduled the first secured claim of MorEquity Inc. in the amount of $233,943.00 and the second secured claim of US Bank National Assn. as Trustee for Citigroup Mortgage Loan Trust Inc. in the amount of $51,922.00.

5. MorEquity, Inc. filed a secured proof of claim on April 28, 2010, for the amount of $259,782.56. Said claim is secured by a first mortgage on the Plaintiffs' residence.

6. US Bank National Assn. as Trustee for Citigroup Mortgage Loan Trust Inc. filed a secured proof of claim on April 8, 2010, for the amount of $56,746.92. The second claim of US Bank National Assn. as Trustee for Citigroup Mortgage Loan Trust Inc. in the amount of $56,746.92 is second in priority.

7. That value of Plaintiffs' residence is $240,000.00.

8. As there is no value or equity to support the second priority lien of US Bank National Assn. as Trustee for Citigroup Mortgage Loan Trust Inc., the claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Dated: 4/8/11

Enter:

_____
United States Bankruptcy Judge

APR 08 2011